UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THOMAS GUCCIARDO,
                Petitioner,

                                   **MEMORANDUM & ORDER**

-against-

                                   01 CV 6908

UNITED STATES of AMERICA,
                Respondent.
-------------------------------------------------------X
DEARIE, Chief Judge.

Petitioner, pro se, challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied, and the petition is dismissed.

**Background**

Petitioner, a licenced stock broker, pleaded guilty to two counts of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, for his participation in a multi-million dollar securities fraud scheme. As recited in the plea agreement, the projected sentencing range applicable under the U. S. Sentencing Guidelines was 30 to 37 months, assuming petitioner fell within Criminal History Category I. The calculation included a two-point increase pursuant to U.S.S.G. § 3B1.1, for petitioner's managerial role in the offense. Petitioner was eligible to receive a two-point "global reduction" for co-defendants' pleas, resulting in a Guidelines range of 24 to 30 months. Under the terms of the agreement, petitioner waived his right to file an appeal or otherwise challenge the conviction or sentence, provided the sentence imposed was within the projected Guidelines range.

On November 14, 2000, petitioner was sentenced to 24 months on each count, to run concurrently. In addition, petitioner was ordered to pay restitution pursuant to the Victims and

Witnesses Protection Act of 1982[1] ("VWPA") in the amount of $1,500,000, at a rate to be determined by the court and not less than 10% of gross earnings.

Petitioner did not file an appeal. By petition dated October 9, 2001, he challenges his sentence on the grounds that the two-point increase he received for his role in the offense violated the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the Court impermissibly ordered restitution without considering his ability to pay. Petitioner also contends that counsel was ineffective at sentencing for failing to object to the role adjustment and the order of restitution.

## Discussion

Petitioner's challenge to the role adjustment is foreclosed by his knowing and voluntary waiver of the right to appeal or otherwise challenge a sentence falling within or below the range specified in the plea agreement. United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); see also Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (enforcing waiver against collateral attack). To permit "escape [from] the fairly bargained-for consequences of [an] agreement with the government would render the plea bargaining process and the resulting agreement meaningless." Monzon, 359 F.3d at 117 (internal quotation marks and citation omitted). As noted by the Second Circuit:

> Such an agreement serves important interests of both parties. Like a waiver of direct appeal rights, it serves the government's interest in avoiding both the expense and uncertainty of further litigation. The defendant characteristically receives important benefits as well.

Garcia-Santos, 273 F.3d at 509 (internal citation omitted). Indeed, in this case petitioner

---

[1] The Mandatory Victims Restitution Act ("MVRA") became effective on April 24, 1996, after the offense conduct in this case.

2

received the additional benefit of the two-point "global reduction."

The record clearly demonstrates that petitioner's waiver was knowing and voluntary. See Garcia-Santos, 273 F.3d at 508 (listing factors supporting finding that waiver was knowing and voluntary). Moreover, at the plea colloquy, the Court explicitly asked petitioner whether he understood that he was agreeing to waive his right to challenge a sentence within the range set forth in the plea agreement and repeated on the record. (Tr. 21.) He answered, "Yes, I do." Id.

Nevertheless, petitioner seeks to circumvent his waiver by claiming counsel was ineffective at sentencing. Waivers do not preclude challenges to the process by which the rights were waived. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002) (citing Garcia-Santos) (waiver does not foreclose attack on validity of plea process); United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (waiver not enforceable against claim that agreement was entered into without effective assistance of counsel). However, given a valid waiver, the Second Circuit has rejected efforts to challenge the correctness of a sentence under the Sentencing Guidelines as "barred by the plain language of the waiver contained in [the] plea agreement," noting that if "a claim of ineffective assistance of counsel at sentencing [were allowed] as a means of circumventing plain language in a waiver agreement, the waiver . . . provision would be rendered meaningless." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) (per curiam); see also Hernandez, 242 F.3d at 114 (if process by which plea agreement was consummated is constitutional, issues within scope of waiver including sentencing issues cannot be considered).

In any case, because petitioner's claims fail on the merits, as discussed below, his ineffective assistance of counsel claim also fails. To demonstrate constitutionally ineffective

assistance, petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). Counsel cannot be faulted for failing to make meritless arguments. See United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance.").

Petitioner's Apprendi claim does not provide grounds for relief. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Apprendi is not implicated in this case because petitioner's sentence is well below the five-year statutory maximum penalty applicable to each count to which he pleaded.

Petitioner's claim that this Court's restitution order violated the VWPA also fails. The VWPA requires that a Court consider "1) the amount of the loss sustained by any victim as a result of the offense; 2) the financial resources of the defendant; 3) the financial needs and earning ability of the defendant and the defendant's dependents; and 4) any other factors which the court wishes to address" in ordering restitution. United States v. Kinlock, 174 F.3d 297, 299 (2d Cir. 1999). While "there must be an affirmative act or statement allowing an inference that the district court in fact considered the defendant's ability to pay," id at 300 (quoting United States v. Mortimer, 52 F.3d 429, 436 (2d Cir. 1995)), detailed factual findings are not required. Id.

The record demonstrates that the Court properly considered the required factors. The Court explicitly recognized that restitution was an obligation that would be with petitioner "for a

long time" and that it was an obligation "to do [his] best within the range of reasonableness and fully appreciating family responsibilities, to make it up, to pay restitution to the many victims." (Tr. 13.) Moreover, in ordering restitution at sentencing, the Court set the payment schedule to begin 30 days after petitioner's release from custody at a rate based on gross earnings. (Id.); c.f. Kinlock, 174 F.3d at 301 (where defendant had no assets and was in prison, court did not meet its obligation to consider financial resources in ordering immediate payment of restitution).

## Conclusion

The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 2, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge